**WO**                                                                                           RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Sambrano, | No. CV 11-119-PHX-GMS (LOA) |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| vs. | |
| Opferbeck, et al., | |
| Defendants. | |

On January 18, 2011, Plaintiff Anthony Sambrano, who was formerly confined in the Arizona State Prison Complex-Kingman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 3), and a "Certified Statement Of Account" (Doc. 4). On March 30, 2011, Plaintiff filed a Notice of Change of Address (Doc. 5) indicating he was no longer in custody.

By Order filed April 4, 2011 (Doc. 6), Plaintiff was given 30 days from the date the Order was signed to either pay the $350.00 filing fee or file a "Response" to the Order. The Court advised Plaintiff that his Response must state the date of his release and must either promise to pay the $350.00 filing fee within 120 days from the date of his release or show good cause why he cannot pay the filing fee. Plaintiff was also advised that his Response must be made under penalty of perjury.

//

**JDDL**

## I. Deficient Response

On April 25, 2011, Plaintiff filed a Letter (Doc. 7), which appears to be appears to be a Response to the Court's April 4, 2011 Order To Show Cause (Doc. 6). In his Letter, Plaintiff states that he is "applying for leave to proceed *in forma pauperis* without prepayment of costs or fees or the nec[]es[s]ity of giving security therefore." Plaintiff also advises the Court that he "was recently released from the Arizona Department of Corrections" and that he is "currently unemployed."

Plaintiff's Letter is deficient as a Response to the Court's Order To Show Cause because Plaintiff has not stated his release date, has not provided enough information to show good cause why he cannot pay the filing fee, and has not signed the Letter under penalty of perjury as required. Although Plaintiff states that he is "currently unemployed," he has not given any other information as to why he cannot pay the filing fee. Plaintiff does not list what assets he has, does not indicate what his costs of living are, and does not inform the Court about any other sources of income or savings that he may have.

Accordingly, Plaintiff will be given **one last chance** to comply with the Court's Order To Show Cause. Within 30 days from the date this Order is signed, Plaintiff must either pay the $350.00 filing fee or file a "Response" to this Order. Plaintiff's Response must state the date of his release and must either promise to pay the $350.00 filing fee within 120 days from the date of his release **or** show good cause why he cannot pay the filing fee. Plaintiff's Response must be made under penalty of perjury. See 28 U.S.C. § 1746 (oath requirement may be satisfied when a person declares under penalty of perjury that the submission is true and correct and signs and dates the document). Plaintiff's request in the Letter to proceed *in forma pauperis* will be denied as moot because the Court previously granted Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) in its April 4, 2011 Order To Show Cause (Doc. 6).

Plaintiff is advised that even after he pays the filing fee, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a

1 complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or
2 malicious, that fail to state a claim upon which relief may be granted, or that seek monetary
3 relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Format Requirements of Local Rules of Civil Procedure

The Court notes that Plaintiff's Letter (Doc. 7) utterly fails to meet the format requirements of Rule 7.1(a) of the Local Rules of Civil Procedure. Plaintiff is admonished that any pleading that he may submit for filing in the future must conform to the format requirements of Rule 7.1(a), or it will be stricken from the record without further notice to him. Simply mailing in a letter to the Clerk of Court or to a Magistrate or District Judge is not acceptable. Any request by Plaintiff for action from this Court must be in the form of a motion that is in the format required by the Local Rules of Civil Procedure.

## III. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's request in his Letter (Doc. 7) to proceed *in forma pauperis* is **denied.**

(2)     Within **30 days** from the date this Order is signed, Plaintiff must either pay the $350.00 filing fee **or** file a Response as described above.

(3)     **If** Plaintiff fails to pay the filing fee **or** file a Response to this Order within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice.

DATED this 24th day of June, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge