**WO**                                                                                           JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Sambrano, | No. CV 11-0119-PHX-GMS (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Sgt. Opferback, et al., | |
| Defendants. | |

Plaintiff Anthony Sambrano brought this civil rights action under 42 U.S.C. § 1983 against various City of Phoenix police officers and Fire Department firefighters and Rosemary Barba, a Maricopa County Hospital nurse (Doc. 1). Before the Court are Defendant Barba's Motion for Judgment on the Pleadings (Doc. 39) and Motion for Summary Disposition (Doc. 48).[1]

The Court denies both motions.

## I.    Background

Plaintiff's claims stem from his arrest on January 25, 2009 (Doc. 1). He alleged that Defendant police officers surrounded him as he left a restaurant, used excessive force when cuffing him, and refused his pleas for medical attention. Plaintiff claimed that Defendant firefighters arrived and also refused to take him to a hospital. Plaintiff averred that the jail

---

[1] Also pending is Barba's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (Doc. 49), to which Defendant police officers and firefighters have filed a Joinder (Doc. 51). The Motion to Dismiss is not yet fully briefed.

refused to book him because of his injuries, at which point he was taken to the Maricopa County Hospital. According to Plaintiff, Nurse Barba told Plaintiff to "shut-up" in response to his claims of pain and difficultly breathing and, during the night at the hospital, she taunted him for crying. Plaintiff claimed that he had broken ribs and a collapsed lung, and after a shift change the next morning, a physician inserted a chest tube and Plaintiff was finally able to breathe (id. at 3-9[2]).

In his Complaint, Plaintiff set forth eight counts for relief alleging excessive force, denial of constitutionally adequate medical care, and due process violations (id. at 10-17). The Court screened the Complaint, dismissed the due process claims in Counts VI and VII, and ordered 13 Defendants to answer Counts I-V and VIII (Doc. 10 at 12). The Court found that Plaintiff stated the following constitutional claims:

Count I–alleged use of excessive force by Defendant police officers Douglas Opferback, Michael Moyer, Daniel Quillman, Albert Casados, Lourdes Lopez, Mercedes Fortune, James Smoke, and Ethan Coffey (Doc. 1 at 10).

Count II–alleged cruel and unusual punishment by the same 8 Defendants named in Count I (id. at 11).

Count III–alleged denial of constitutionally adequate medical care by Defendant police officers and firefighters and Nurse Barba (id. at 12).

Count IV–alleged violations of contemporary standards of decency by (1) Defendant police offices when they used excessive force and (2) Nurse Barba when she denied him medical care despite his obvious injuries and pain (id. at 13).

Count V–alleged denial of constitutionally adequate medical care by Nurse Barba (id. at 14).

Count VIII–alleged denial of constitutionally adequate medical care by Defendant firefighters—specifically, Rob Simpson, Jason Knippel, Corrinee Dunnington, and Donna Feller—when they failed to respond to Plaintiff's medical emergency (id. at 17).

---

[2]Citation refers to the page numbers in the Court's Case Management/Electronic Case Filing system.

1  Upon screening, the Court dismissed all the named Maricopa County Hospital
2  Defendants except Nurse Barba (Doc. 10 at 6, 12).
3  Barba has moved for judgment on the pleadings (Doc. 39). Barba argued that
4  Plaintiff's Eighth Amendment claims in Counts III, IV, and V fail because at the relevant
5  time, Plaintiff was a pretrial detainee and the Eighth Amendment does not apply to pretrial
6  detainees (id. at 2). Barba further argued that the excessive force claims in Counts I, II, and
7  IV (in part) fail because Plaintiff did not allege any facts linking Barba to the alleged
8  excessive force (id. at 3).[3]
9  On January 26, 2012, the Court issued an Order notifying Plaintiff of his obligation
10 to respond to Barba's motion (Doc. 41). Plaintiff did not file a response.
11 Thereafter, on March 13, 2012, Barba filed a Motion for Summary Disposition and
12 requested that the Motion for Judgment on the Pleadings be granted due to Plaintiff's failure
13 to file a response (Doc. 48).

14 **II.     Federal Rule of Civil Procedure 12(c)**

15 Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the
16 pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The
17 standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally
18 identical" to that governing a Rule 12(b)(6) motion. Caffaso, U.S. ex rel. v. Gen. Dynamics
19 C4 Sys., Inc., 637 F.3d 1047, 1054-55 n. 4 (9th Cir. 2011). When analyzing a Rule 12(c)
20 motion, the court must accept the nonmovant's allegations as true, see Hal Roach Studios v.
21 Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989), and construe factual
22 allegations in a complaint in the light most favorable to the nonmovant. Fleming v. Pickard,
23 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings under Rule 12(c) is proper
24 when the moving party establishes on the face of the pleadings that there is no material issue
25 of fact and that the moving party is entitled to judgment as a matter of law." Jensen Family

---

28  [3]Barba also argued that the equal protection claim in Count VII fails (Doc. 39 at 3). But Count VII was dismissed at screening (Doc. 10).

1  Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., 644 F.3d 934, 937 n. 1 (9th
2  Cir. 2011).

3        Pro se filings, particularly in civil rights cases, must be construed liberally, and courts
4  must afford the plaintiff the benefit of any doubt.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th
5  Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

6  **III.   Analysis**

7        The Court screened Plaintiff's Complaint under a standard that is identical to the
8  standard applied to a Rule 12(c) motion (Doc. 10).  See  28 U.S.C. § 1915A(b).[4]  Thus, the
9  Court has already determined that the counts Barba challenges sufficiently state
10 constitutional claims.  Nothing in Barba's Motion for Judgment on the Pleadings causes the
11 Court to reconsider that determination.  Nonetheless, Barba's arguments will be addressed
12 so as to clarify the claims specific to Barba.

13     **A.   Counts III, IV (in part), and V**

14       In his Complaint, Plaintiff identified the constitutional right violated in Counts III, IV,
15 and V as the Eighth Amendment (Doc. 1 at 12-14).  Barba is correct that the Eighth
16 Amendment applies to convicted prisoners and, at the time his claims arose, Plaintiff was a
17 pretrial detainee (Doc. 39 at 2-3).  But a pro se litigant's claims are not limited to the
18 constitutional or statutory source identified in the complaint.  Rather, the Court looks at the
19 facts alleged; "[a] complaint need not identify the statutory or constitutional source of the
20 claim raised . . . ."  Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008) (the defendants
21 had notice of a claim under the Religious Land Use and Institutionalized Persons Act
22 (RLUIPA) even though the plaintiff did not cite to RLUIPA in the complaint because his
23 factual allegations supported a RLUIPA claim).

24       As explained in Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003),
25 which was cited in the Screening Order (Doc. 10 at 8), as a pretrial detainee, Plaintiff is

---

[4] As stated, the Rule 12(c) standard is functionally identical to the 12(b)(6) standard, and the Rule 12(b)(6) standard is identical to the screening standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be granted").

- 4 -

1 protected by the Fourteenth Amendment's Due Process Clause. See Pierce v. County of
2 Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). In addressing a pretrial detainee's medical-
3 care claim Lolli, the Ninth Circuit referred to the "traditional Eighth Amendment standards
4 used in Fourteenth Amendment claims such as this one," and proceeded to conduct a
5 deliberate-indifference analysis. 351 F.3d at 419-20 & n. 6. Indeed, at a minimum, the Due
6 Process Clause imposes the same duty to provide adequate medical care to those incarcerated
7 as imposed by the Eighth Amendment. Gibson v. County of Washoe, 290 F.3d 1175, 1187
8 (9th Cir. 2002). Therefore, the Eighth Amendment standards governing medical care may
9 be applied. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Jones v. Johnson, 781
10 F.2d 769, 771 (9th Cir. 1986) ("the eighth amendment guarantees provide a minimum
11 standard of care for determining [the plaintiff's] rights as a pretrial detainee, including his
12 right to medical care").

13 In short, Plaintiff's allegations in Counts III, IV, and V set forth facts to support a
14 medical-care claim under the Fourteenth Amendment Due Process Clause, to which the
15 Eighth Amendment standards may be applied. Barba's request for judgment on these counts
16 will be denied.

### B. Counts I, II, and IV (in part)

18 To the extent that the Screening Order may not have been clear in articulating that
19 Barba was named only in those counts related to medical care, the Court clarifies here that
20 she need only respond to those claims in Counts III, IV, and V alleging that she denied
21 Plaintiff constitutionally adequate medical care. Because Barba was not named as a
22 Defendant in the excessive-force claims, there is no basis for her request for judgment on
23 these claims.

### C. Motion for Summary Disposition

25 Local Rule of Civil Procedure 7.2(i) provides that a pro se litigant's failure to respond
26 to a motion "may be deemed a consent to the denial or granting of the motion and the Court
27 may dispose of the motion summarily." The Court declines to grant Barba's Motion for
28 Judgment on the Pleadings under Rule 7.2(i) because the motion is baseless and it would be

1 improper to grant the motion where Barba is not entitled to judgment as a matter of law. See
2 Fleming, 581 F.3d at 925.  Moreover, Plaintiff's failure to respond is more appropriately
3 addressed in Barba's pending Motion to Dismiss Pursuant to Federal Rule of Civil Procedure
4 41(b) (Doc. 49).

5 For the above reasons, Barba's Motion for Judgment on the Pleadings and Motion for
6 Summary Disposition will be denied.

7 **IT IS ORDERED:**

8 (1) The reference to the Magistrate Judge is withdrawn as to Defendant Nurse
9 Rosemary Barba's Motion for Judgment on the Pleadings (Doc. 39) and Motion for Summary
10 Disposition (Doc. 48).  All other matters will remain with the Magistrate Judge.

11 (2) Defendant Nurse Rosemary Barba's Motion for Judgment on the Pleadings (Doc.
12 39) and Motion for Summary Disposition (Doc. 48) are **denied**.

13 DATED this 24th day of April, 2012.

*signature*
G. Murray Snow
United States District Judge