**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Anthony Sambrano,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Sgt. Opferbeck, et al.,<br><br>　　　　Defendants. | No. CV 11-0119-PHX-GMS (LOA)<br><br>**ORDER** |

Plaintiff Anthony Sambrano brought this civil rights action under 42 U.S.C. § 1983 against various City of Phoenix police officers and Fire Department firefighters and Rosemary Barba, a Maricopa County Hospital nurse (Doc. 1). Before the Court is Barba's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(A), and 41(b) (Doc. 49), to which Defendant police officers and firefights filed a joinder (Doc. 51). Plaintiff did not respond to the motion.

The Court will grant the motion and terminate the action.

**I.     Background**

Plaintiff's claims stem from his arrest on January 25, 2009 (Doc. 1). He alleged that Defendant police officers used excessive force and then refused his pleas for medical attention. Plaintiff claimed that Defendant firefighters arrived and also refused to take him to a hospital. Plaintiff averred that after the jail refused to book him because of his injuries, he was taken to the Maricopa County Hospital. According to Plaintiff, Nurse Barba refused to respond to his claims of pain and difficultly breathing and, during the night at the hospital,

she taunted him for crying. Plaintiff claimed that he had broken ribs and a collapsed lung, and after a shift change the next morning, a physician inserted a chest tube and Plaintiff was finally able to breathe (id. at 3-9[1]).

In his Complaint, Plaintiff set forth eight counts for relief alleging excessive force, denial of constitutionally adequate medical care, and due process violations (id. at 10-17). The Court screened the Complaint, dismissed the due process claims in Counts VI and VII, and ordered Defendants to answer the excessive-force and medical-care claims in Counts I-V and VIII (Doc. 10 at 12).[2]

Barba filed a Motion for Judgment on the Pleadings (Doc. 39), to which Plaintiff did not respond. The Court found that Barba did not establish on the face of the pleadings that she was entitled to judgment as a matter of law, and the motion was denied (Doc. 52).

## II.  Motion to Dismiss

Defendants now move for dismissal based on Plaintiff's failure to comply with discovery rules and failure to prosecute this action (Docs. 49, 51). Barba's motion, which is supported by defense counsel's declaration, states that Plaintiff has not filed any documents or participated in any proceedings in this case since July 12, 2011, nor has he made any Rule 26 disclosures (Doc. 49 at 1, Ex. 1, Uglietta Decl. ¶ 2). Barba also asserts that Plaintiff did not respond to timely served written interrogatories, requests for production, or requests for admissions and Plaintiff did not offer any excuse for his failure to respond to written discovery (id. at 2, Ex. 1, Uglietta Decl. ¶ 3).

Defense counsel avers that she noticed Plaintiff's deposition for March 16, 2012, and, prior to this date, her office called Plaintiff's telephone number of record to confirm the deposition (id. ¶ 4). Defense counsel states that the telephone call was answered by Plaintiff's sister, who informed counsel that Plaintiff does not live at that address, he has no

---

[1]Citation refers to the page numbers in the Court's Case Management/Electronic Case Filing system.

[2]Upon screening, the Court dismissed all the named Maricopa County Hospital Defendants except Nurse Barba (Doc. 10 at 6, 12).

- 2 -

1  phone or permanent residence, and she could not confirm Plaintiff's appearance for the
2  deposition (id.). Plaintiff's sister indicated that Plaintiff does pick up mail at the address of
3  record (id. ¶ 6).

4  According to defense counsel, Plaintiff did not appear for his March 16, 2012
5  deposition and did not attempt to contact counsel to explain his non-appearance (id. ¶ 5, Ex.
6  A, Transc., p. 4-6). Defense counsel also states that, on March 16, 2012, she sent a letter to
7  Plaintiff at his address of record and requested that he immediately contact her regarding
8  discovery (id. ¶ 6, Ex. B). Counsel avers that Plaintiff has not contacted her (id. ¶¶ 6-7).

9  Defendants contend that Plaintiff's failure to comply with discovery warrants the
10  sanction of dismissal under Rules 16(f)(1)(c) and 37(c)-(d) (Doc. 49 at 3). They further
11  contend that dismissal is appropriate under Rule 41(b) because Plaintiff's failure to prosecute
12  prevents this case from proceeding and has unduly prejudiced Defendants in their ability to
13  prepare a defense, and a monetary sanction is unlikely to affect Plaintiff as an indigent party
14  (id. at 4-5).

15  The Court issued an Order notifying Plaintiff of his obligation to respond to the
16  motion and of Local Rule of Civil Procedure 7.2(i), which provides that failure to respond
17  to a motion may be deemed a consent to the granting of the motion (Doc. 50 at 1-2).

18  As stated, Plaintiff did not file a response, and the time to do so has expired.

19  **III.    Federal Rules of Civil Procedure 16, 37, and 41**

20  Rule 16(f)(1)(C) permits the court to sanction a party who "fails to obey a scheduling
21  or other pretrial order." The available sanctions may include those authorized by Rule
22  37(b)(2)(A)(i)-(vi). See U.S. EEOC v. ABM Indus. Inc., 2009 WL 1287757, at *2 (E.D. Cal.
23  2009) (under Rule 37, a district court has discretion to impose a wide range of sanctions
24  when a party fails to comply with the rules of discovery or with court orders enforcing those
25  rules). Similarly, Rules 37(c)(1)(C) and 37(d)(1)(B)(3) provide that a party's failure to
26  disclose or failure to attend a deposition may be sanctioned by any of the orders listed in Rule
27  37(b)(2)(A)(i)-(vi). Rule 37(b)(2)(A)(v) contemplates "dismissing the action or proceeding
28  in whole or in part." Rule 41(b) allows a court to dismiss an action for failure to prosecute,

1 failure to comply with the Federal Rules of Civil Procedure, failure to comply with the
2 court's local rules, or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Link
3 v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack
4 of prosecution is necessary to prevent undue delays in the disposition of pending cases and
5 to avoid congestion in the calendars of the district courts); Hells Canyon Pres. Council v.
6 U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b) for
7 failure to prosecute or comply with rules of civil procedure or the court's orders); Ferdik v.
8 Bonzelet, 963 F.2d 1258, 1260 (1992) (a district court may dismiss an action for failure to
9 comply with any order of the court).

10 The standards governing dismissal for failure to comply with a court order are
11 basically the same under either Rule 37(b) or Rule 41(b). Malone v. U.S. Postal Serv., 833
12 F.2d 128, 130 (9th Cir. 1987). Before dismissal for failure to prosecute or to comply with
13 a procedural rule or court order, the Court must weigh "(1) the public's interest in
14 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
15 prejudice to the defendants; (4) the public policy favoring disposition of cases on their
16 merits; and (5) the availability of less drastic alternatives." Ferdik, 963 F.2d at 1261 (citing
17 Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986)). If the court does not
18 consider these factors, the record may be reviewed independently on appeal for abuse of
19 discretion. Henderson, 779 F.2d at 1424.

20 **IV.    Analysis**

21     **A.    Expeditious Resolution/Need to Manage Docket**

22 Here, the first two factors favor dismissal. "[T]he public's interest in expeditious
23 resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983,
24 990 (9th Cir. 1999). Rule 16 scheduling orders control the course of action in a case, and
25 disregard of a scheduling order "would undermine the court's ability to control its docket,
26 disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."
27 Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). Plaintiff has
28 ostensibly lost interest in prosecuting his action, and his failure to participate in discovery

and litigation hinders the Court's ability to move this case toward disposition. See Ferdik, 963 F.2d at 1261 (district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

### B.    Risk of Prejudice/Disposition on the Merits

The third factor also favors dismissal. There is no prejudice to Defendants to resolve the motion in their favor. Moreover, "[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant . . . ." In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994) (internal quotation omitted). Plaintiff's refusal to respond to discovery requests has prevented Defendants from accessing material discoverable evidence, which prevents a decision on the merits if this case proceeds to trial. See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007) ("[w]hat is most critical for case-dispositive sanctions, regarding risk of prejudice . . . is whether the discovery violations 'threaten to interfere with the rightful decision of the case'") (quotation omitted). But because public policy favors disposition of cases on their merits, the fourth factor weighs against dismissal at this stage. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

### C.    Availability of Less Drastic Sanctions

The final factor requires the Court to consider whether a less drastic alterative is available. Dismissal is a drastic sanction, see Ferdik, 963 F.2d at 1260, and dismissal for discovery violations is authorized only in "extreme circumstances." In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (citations omitted). When an adverse party fails to cooperate in discovery, the party seeking discovery may move to compel disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Defendants did not move to compel disclosure or discovery; instead, they move for dismissal—the harshest sanction available. Generally, a motion to dismiss before an attempt to compel discovery would be premature.

But when addressing Defendants' request for dismissal under Rule 41(b), the Court considers Plaintiff's failure to respond to discovery requests in conjunction with his failure to respond to Defendants' motions, his failure to file anything in this action for almost a year,

- 5 -

1 and his failure to show any intent to litigate his claims. Plaintiff was specifically warned
2 twice by the Court that his failure to respond to Defendants' motions seeking dismissal could
3 be treated as a consent to the granting of the motions and judgment against him (Docs. 41,
4 50). Prior to these warnings, the Screening Order notified Plaintiff that failure to comply
5 with a Court order could lead to dismissal of the action (Doc. 10 at 11), and the Scheduling
6 Order informed Plaintiff that he must respond to discovery requests within the time provided
7 by the Rules of Civil Procedure (Doc. 36 at 2). Further, Barba submits evidence of defense
8 counsel's repeated attempts to confer with Plaintiff, to no avail (Doc. 49, Ex. 1, Uglietta
9 Decl. ¶¶ 4, 6-7).

10 The Court finds that in light of Plaintiff's total failure to respond to the Court's
11 numerous warnings and to Defendants' discovery requests and communications, alternative
12 sanctions are not viable. See Valley Eng'rs v. Electric Eng'g Co., 158 F.3d 1051, 1058 (9th
13 Cir. 1998) ("[w]here a party so damages the integrity of the discovery process that there can
14 never be assurance of proceeding on the true facts, a case dispositive sanction may be
15 appropriate"). It is unlikely that Plaintiff would respond to any further orders. And, as Barba
16 notes, because Plaintiff is proceeding *in forma pauperis*, a monetary sanction would be futile.
17 Staying the proceedings is also not appropriate; the case has already been pending for the last
18 year without any production of evidence or activity by Plaintiff. The sanction of dismissal
19 is therefore appropriate.

20 In summary, four of the five factors support dismissal. The Motion to Dismiss will
21 be granted, and Plaintiff's Complaint will be dismissed with prejudice. See Fed. R. Civ. P.
22 41(b) (dismissal under Rule 41(b), unless otherwise ordered, operates as an adjudication on
23 the merits).

24 **IT IS ORDERED:**

25 (1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to
26 Dismiss (Doc. 49; see Doc. 51).

27 //

28 //

(2)  Defendants' Motion to Dismiss (Doc. 49) is **granted**; Plaintiff's Complaint is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

(3) The Clerk of Court must enter judgment accordingly and terminate the action.

DATED this 30th day of May, 2012.

*A. Murray Snow*

/G. Murray Snow
United States District Judge

- 7 -